UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRITANNY ANGELILLI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:23-cv-02759 |
| SUMMIT FUNDING, INC., MCCALLA | ) |
| RAYMER LEIBERT PIERCE, LLC, | ) Hon. John J. Tharp |
| EXPERIAN INFORMATION SOLUTIONS, | ) |
| INC., and EQUIFAX INFORMATION | ) |
| SERVICES, INC., | ) |
| | ) |
| Defendants | ) |

**DEFENDANT SUMMIT FUNDING, INC.'S
MOTION TO DISMISS COUNTS III AND VIII OF PLAINTIFF'S COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Summit Funding, Inc. ("Summit") hereby moves to dismiss Counts III and VIII of Plaintiff's Complaint. In support of this Motion, Summit states as follows:

**THE COURT SHOULD GRANT
SUMMIT∘S MOTION TO DISMISS COUNTS III, IV AND VIII**

**I. This Motion Is Properly Brought.**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant properly moves for dismissal of counts alleged against it for "failure to state a claim upon which relief can be granted." Fed. Rules Civ. Proc. Rule 12(b)(6). If a plaintiff does not allege facts that would state a claim for relief on its face, the claim should be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544 (2007). "If state substantive law has denied a plaintiff a remedy for his cause of action, the district court must dismiss the complaint for failure to state a claim upon which relief may be granted." *Goetzke v. Ferro Corp.*, 280 F.3d 766, 779 (7th Cir. 2002).

Significantly, it is possible for a plaintiff to demonstrate through the complaint that the plaintiff has no cognizable claim. *See Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (plaintiff "can plead himself out of court by pleading facts that show that he has no legal claim").

As explained below Plaintiff's Complaint establishes: (1) that Plaintiff has not set forth sufficient facts to properly plead and maintain a cause of action for fraudulent misrepresentation due to the lack of specifically pled facts showing specific misrepresentations made, how or when they were made; (2) that Plaintiff has not set forth sufficient facts to properly plead and maintain a cause of action for intentional infliction of emotional distress because the facts alleged cannot show the requisite "extreme and outrageous behavior;" and (3) that Plaintiff's alleged count for violation of the Truth in Lending Act is barred by the applicable statute of limitations. Accordingly, Summit properly brings the motion for dismissal of Counts III, IV and Count VIII of Plaintiff's Complaint, which should be granted by the Court.

## II. The Court Should Dismiss Count III for Fraudulent Misrepresentation.

The Court should dismiss Plaintiff's claim for fraudulent misrepresentation for failure to plead that attempted claim with the requisite factual particularity.

When alleging a claim for fraud, a party is required to plead with heightened specificity the facts and circumstances constituting the alleged fraudulent acts, per black letter law in statute and case law. "In alleging fraud ... a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); see also *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. V. Walgreen Co.*, 631 F.3d 436, 441-42 (7th Cir. 2011). To survive a motion to dismiss, a fraud claim must set forth facts showing the specific names, dates, times, or content of the misrepresentations or omissions that give rise to the alleged fraud. *Rocha v. Rudd*, 826 F.3d 905, 911 (7th Cir. 2016). The complaint must "state the identity of the person making the

2

misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *U.S. ex rel. Grenadyor v. Ukrainian Village Pharmacy, Inc.*, 72 F.3d 1102, 1106 (7th Cir. 2014).

In the Complaint, Plaintiff does not satisfy this particularity requirement. Rather, she alleges telephone conversations with unnamed "Summit representatives" and uses general phrases in describing the way in which the alleged misrepresentations were communicated. Plaintiff does not quote Summit or point to specific passages in Summit's materials which assert that the subject loan was in good standing and that no further action was necessary by Plaintiff to bring the subject loan current. Further, Plaintiff's allegations of fraudulent misrepresentation that the subject loan was in good standing and that no further action was necessary to bring it current do not state when such representations were made.

For this failure to plead the requisite facts supporting a claim for fraudulent misrepresentation with particularity, Plaintiff's Count III for fraudulent misrepresentation should be dismissed.

**III. The Court Should Dismiss Count IV for Intentional Infliction of Emotional Distress.**

The Court should dismiss Plaintiff's claim for intentional infliction of emotional distress because Plaintiff's pleaded allegations are not of sufficient character to support or enable Plaintiff to maintain such a claim.

To state an intentional infliction of emotional distress claim, a plaintiff must show: (1) that the conduct involved is "extreme and outrageous"; (2) that the defendant intended that their conduct inflict severe emotional distress; and (3) that the conduct in fact caused severe emotional distress. *Edwards v. Commonwealth Edison*, 2015 WL 6445417, at *3 (N.D. Ill. Oct. 23, 2015). The courts have made it clear that, in determining what constitutes "extreme and outrageous conduct," they will only allow "especially abusive and atrocious transgressions to survive a

motion to dismiss." *Id.* The determination of whether or not conduct is "extreme and outrageous" is an objective standard (*Welsh v. Commonwealth Edison Co.,* 713 N.E.2d 679, 683 (Ill.App.Ct.1999), and the Courts have made clear that the "standard for "extreme and outrageous" conduct is "quite high." *Lewis v. School District # 70,* 523 F.3d 730, 747 (7th Cir.2008). It must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of human decency." *Oates v. Discovery Zone,* 116 F.3d 1161, 1174 (7th Cir.1997); *Chang Hyun Moon*, 2015 IL App (1st) 143606, ¶ 26 ("conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency").

Behavior that is patently objectionable and even found to be "deplorable" by the court, such as defaming someone and falsely accusing them of falsifying documents, does not meet the standard. *Socorro v. IMI Data Search, Inc.,* No. 02–8120, 2003 WL 1964269, at *5 (N.D. Ill. April 28, 2013). Falsely accusing someone of wrongdoing and ignoring their personal safety does not meet the standard. *Harriston v. Chicago Tribune Co.,* 992 F.2d 697 (7th Cir.1993). Forcing a person with dementia to move out of their unit to commence repairs, for more than a year while only making cosmetic repairs, does not meet the standard. *Duffy v. Orlan Brook Condominium Owners' Association*, 2012 IL App (1st) 113577, at *10. Yelling profanity and insults about the plaintiff's religion and ethnicity does not meet the standard. *Shamim v. Siemens Industry, Inc.*, 854 F. Supp.2d 496, 512-513 (N.D. Ill. 2012).

Significantly, the courts have found that conduct similar to that alleged by Plaintiff does not arise to the requisite level of "extreme and outrageous" conduct sufficient to support a clam for intentional infliction of emotional distress. In *Hukic v. Aurora Loan Services*, 588 F.3d 420 (7th Cir. 2009), the plaintiff mortgagor alleged the defendant failed to apply his monthly mortgage payments properly and incorrectly reported his loan as delinquent, but the court found that did not arise to the level of "extreme and outrageous" conduct sufficient to support a claim

for intentional infliction of emotional distress, and the claim was properly dismissed. In *Public Finance Corp. v. Davis,* 66. Ill. 2d 85 (1976), a lender repeatedly going to a debtor's home, and inducing a debtor to write a check for the amount owed with the assurance that the check would not be presented for payment and then telling debtor's acquaintance that debtor was writing bad checks, was found to be "wrong and no doubt caused [debtor] considerable embarrassment and distress" but was not sufficient to support a claim for intentional infliction of emotional distress. at 93-94.

Here, Plaintiff simply has not set forth anything close to meeting the standard for extreme and outrageous conduct by Summit to support a claim for intentional infliction of emotional distress. Plaintiff's allegations that Summit supposedly did not recognize a loan deferral agreement and later had Plaintiff sign another one and delayed in responding to Plaintiff's calls, allegedly caused erroneous credit reporting, or prevented Plaintiff from more advantageously refinancing her mortgage, or allegedly caused the filing of a quickly dismissed foreclosure action (Complaint, p.6 ¶26 – p.12, ¶72) simply do not arise to the level of conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of human decency."

For this failure to plead the requisite facts supporting a claim for fraudulent misrepresentation with particularity, Plaintiff's Count III for fraudulent misrepresentation should be dismissed.

**IV. The Court Should Dismiss Count VIII for Violations of the Truth in Lending Act.**

The Court should dismiss Plaintiff's claim for violation of the Truth in Lending Act ("TILA") because the Complaint shows that such a claim is barred by the applicable statute of limitations.

In order for a party to assert a claim for violation of the Truth in Lending Act, it must do so within one year of the alleged violation. 15 USC § 1640(e). Here, Plaintiff's allegations of TILA violations are that Summit failed to credit Plaintiff's full payments as of the date of the receipt (Complaint, p. 33, ¶ 203) and that Summit failed to apply funds in the suspense account that satisfied one full payment to the subject loan. (Complaint, p. 33, ¶ 204) The first alleged violation allegedly occurred when Summit received the payments in January 2022 and February 2022 and supposedly failed to credit the payments (Complaint, p.6, ¶¶ 28, 29) and the second alleged violation allegedly occurred by February 2022 when that payments were received and Summit supposedly failed apply the funds to the suspense account. (Id.) Plaintiff did not file her Complaint until May 2, 2023. (Complaint, p.1, file-stamp at top of page). Accordingly, Plaintiff's claim for alleged violation of TILA was filed months after the applicable statute of limitations expired and Plaintiff's Count VIII for Violations of the Truth in Lending Act should be dismissed.

WHEREFORE, Summit respectfully requests that this Court enter an order dismissing Counts III and VIII of Plaintiff's Complaint, and for such other and further relief as the Court may deem just and proper.

                                      Respectfully submitted,
                                      ARNETT LAW GROUP, LLC

                                      Kurt B. Drain
                                      Counsel for Defendant Summit Funding, Inc.

Kurt B. Drain (ARDC No. 6271753)
Arnett Law Group, LLC
223 W. Jackson Blvd., Suite 750
Chicago, IL 60606
kdrain@arnettlawgroup.com
(312) 561-5660
(213) 561-5669 (FAX)

6


**CERTIFICATE OF SERVICE**

    I hereby certify that on the 28th day of July, 2023, I filed a copy of the foregoing Defendant Summit Funding, Inc.'s Motion to Dismiss Counts III, IV and VIII of Plaintiff's Complaint, using the Court's CM/ECF Electronic Case Filing system which will send notification to all counsel of record.

_____